JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
RICHARD MATHER

**DEFENDANTS**
COSTCO WHOLESALE CORP., ET AL.

(b) County of Residence of First Listed Plaintiff   **BUCKS**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   **KING**
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Cooper Schall & Levy, 2000 Market Street, Suite 1400, Philadelphia, PA 19103 (215)561-3313

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [x] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [x] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC 881 | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [x] 365 Personal Injury - Product Liability | [ ] 690 Other | [ ] 423 Withdrawal 28 USC 157 | [ ] 376 Qui Tam (31 USC 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | | | [ ] 835 Patent - Abbreviated New Drug Application | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | [ ] 840 Trademark | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards Act | [ ] 880 Defend Trade Secrets Act of 2016 | [ ] 480 Consumer Credit (15 USC 1681 or 1692) |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 371 Truth in Lending | [ ] 720 Labor/Management Relations | | [ ] 485 Telephone Consumer Protection Act |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 380 Other Personal Property Damage | [ ] 740 Railway Labor Act | **SOCIAL SECURITY** | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | | [ ] 385 Property Damage Product Liability | [ ] 751 Family and Medical Leave Act | [ ] 861 HIA (1395ff) | [ ] 850 Securities/Commodities/ Exchange |
| | | | | [ ] 862 Black Lung (923) | |
| | | | | [ ] 863 DIWC/DIWW (405(g)) | |
| | | | | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [ ] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement Income Security Act | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 896 Arbitration |
| [ ] 240 Torts to Land | [ ] 443 Housing/ Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party 26 USC 7609 | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 245 Tort Product Liability | [ ] 445 Amer. w/Disabilities - Employment | [ ] 535 Death Penalty | **IMMIGRATION** | | |
| [ ] 290 All Other Real Property | [ ] 446 Amer. w/Disabilities - Other | **Other:** | [ ] 462 Naturalization Application | | [ ] 950 Constitutionality of State Statutes |
| | [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration Actions | | |
| | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. §1332

Brief description of cause:
Trip and Fall

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
JURY DEMAND: [x] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE
12/21/2020

SIGNATURE OF ATTORNEY OF RECORD
*[signature]*

**FOR OFFICE USE ONLY**

RECEIPT #_____  AMOUNT_____  APPLYING IFP_____  JUDGE_____  MAG. JUDGE_____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RICHARD MATHER** <br> 4 Jacqueline Circle <br> Richboro, PA 18954 <br>      **Plaintiff** <br><br> v. <br><br> **COSTCO WHOLESALE CORP.** <br> c/o CT Corporation <br> 116 Pine Street, Suite 320 <br> Harrisburg, PA 17101, <br><br> **JOHN DOES (1-10)** <br> (fictitious names for the owners, possessors, inspectors, managers, controllers, operators, and maintainers of the subject property, real and personal), <br><br> **JANE DOE 1-10** <br> (fictitious names for the owners, possessors, inspectors, managers, controllers, operators, and maintainers of the subject property, real and personal), <br><br>    And <br><br> **XYZ CORPORATION 1-10** <br> (fictitious names for the owners, possessors, inspectors, managers, controllers, operators, and maintainers of the subject property, real and personal) <br>      **Defendants** | **CIVIL ACTION** <br><br> **NO.** <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br> **CIVIL ACTION COMPLAINT** |

**I.  PARTIES**

  1. Plaintiff, Richard Mather, is an adult individual, residing at the above-captioned address.

  2. Defendant, Costco Wholesale Corporation, is a business corporation, incorporated in the State of Washington, and existing, operating, and doing business

under the laws of the Commonwealth of Pennsylvania, with a registered agent located at the above-captioned address.

3. Defendant, John Doe (1-10), are unidentified adult individuals who owned, possessed, inspected, managed, controlled, operated, and maintained the Costco Wholesale business located at 100 Veterans Way, Warminster, PA 18974.

4. Defendant, Jane Doe (1-10), are unidentified adult individuals who owned, possessed, inspected, managed, controlled, operated, and maintained the Costco Wholesale business located at 100 Veterans Way, Warminster, PA 18974.

5. Defendant, XYZ Corporation (1-10) are unidentified corporations who owned, possessed, inspected, managed, controlled, operated, and maintained the Costco Wholesale business located at 100 Veterans Way, Warminster, PA 18974.

## II. JURISDICTION AND VENUE

6. Pursuant to 28 U.S.C. §1332, this Court has jurisdiction over this case because it is a lawsuit between parties of diverse citizenship and the amount in controversy exceeds $75,000.

7. Venue is proper in the United States District Court for the Eastern District of Pennsylvania, under 28 U.S.C. Section 1391, as Bucks County is the county where the accident occurred and/or where the parties reside and/or do business.

## III. FACTS

8. On or about August 30, 2019 and prior thereto, Defendants owned, possessed, inspected, managed, controlled, operated and/or maintained the Costco Wholesale business located at 100 Veterans Way, Warminster, PA 18974.

9. At all times material hereto, Defendants acted by and through their agents

(actual, apparent or ostensible), servants, workmen, employees and/or officers, all of whom were then and there acting within the course and scope of their duties, agency, employment or authority for Defendants.

10. On or about August 30, 2019, Plaintiff, was a business invitee lawfully on Defendants' property.

11. On or about August 30, 2019, Plaintiff was returning his shopping cart from the parking lot area to the designated return location at the entrance of the Costco building when his foot came into contact with a depression of the sidewalk, known as the "truncated dome" *(See Exhibit A)* and was caused to lose his balance, tripping, stumbling and falling sustaining serious and permanent injuries more fully set forth herein.

12. At all times relevant hereto, Defendants knew or should have known that the "truncated dome" located on the sidewalk was cracked, raised, defective, and dangerous, and posed a serious risk of harm to persons such as Plaintiff, and other patrons to the business establishment.

13. At all times relevant hereto, Plaintiff, relied upon the fact that Defendants would maintain their property and sidewalks in a safe manner and Defendants' failure to maintain the property and sidewalks as aforesaid increased the risk of harm to the Plaintiff.

14. This accident was caused solely from the negligence, carelessness, and/or recklessness of Defendants and was in no manner whatsoever due to any act of negligence on the part of Plaintiff.

## COUNT I - NEGLIGENCE
## MATHER v. DEFENDANTS

15. Plaintiff hereby incorporates Paragraphs 1-14 as if same were set forth at

length herein.

16. The aforesaid accident was caused by the negligence, carelessness and/or recklessness of Defendants, acting as aforesaid, which negligence, carelessness and/or recklessness consisted, <u>inter alia</u>, of the following:

(a) failing to repair the defective condition as described above;
(b) failing to properly, completely and thoroughly inspect the property;
(c) failing to promptly and carefully post warning signs, install barricades and/or post notices to warn individuals of the defective condition;
(d) allowing patrons to walk on the defective condition;
(e) failing to remedy the condition to eliminate any danger to patrons and other individuals;
(f) allowing the said hazardous and dangerous condition to exist once created;
(g) failing to make timely and proper repairs upon said premises;
(h) failing to inspect and failing to establish a policy of inspection;
(i) failing to construct and repair the defective condition;
(j) failing to hire a contractor and/or repair person to fix the defective condition;
(k) otherwise acting in a manner that was negligent, careless and reckless at law and in fact all of which a reasonable person would have know or in the exercise of reasonable care should have known caused an unreasonable risk of harm to the public and more particularly to the plaintiff herein;
(l) violating applicable ordinances and property maintenance codes for the City of Warminster, County of Bucks, and the Commonwealth of Pennsylvania as well as such other statutes and case law governing the maintenance of property; *and*
(m) such other acts of negligence, carelessness, and/or recklessness as may be adduced through discovery or at trial.

17. As the direct and proximate result of Defendants' negligence, Plaintiff sustained severe and multiple injuries, both internal and external, to and about his body, and extremities and/or aggravation of pre-existing conditions thereto, if any, with injury to his bones, joints, nerves and nervous system, including, but not limited to: Complex Region Pain Syndrome of the left lower extremity requiring a series of nerve blocks and insertion of spinal cord pain stimulator, left foot and ankle pain with impact fracture, left

knee pain, internal injuries of an unknown nature, severe aches, pains, mental anxiety and anguish, severe shock to his entire nervous system, exacerbation of all known and unknown pre-existing medical conditions, if any, and other injuries that will represent a permanent and substantial impairment of Plaintiff's bodily functioning that substantially impairs Plaintiff's ability to perform his daily life activities, and the full extent of which is not yet known.

18. As a further result of the said accident, Plaintiff has suffered severe pain, mental anguish, humiliation, and embarrassment, and he will continue to suffer same for an indefinite period of time in the future

19. As a further result of the said accident, Plaintiff has and will probably in the future, be obliged to receive and undergo medical attention, which was or will be reasonable and necessary arising from the aforesaid accident and will otherwise incur various expenditures for the injuries he has suffered.

20. As a further result of the said accident, Plaintiff has incurred medical expenses that were reasonable, necessary, and causally related to the aforesaid accident as a result of the injuries he sustained in this accident.

21. As a further result of the said accident, Plaintiff has been unable to attend to his daily chores, duties, and occupations, and he will be unable to do so for an indefinite time in the future, all to his great financial detriment and loss.

22. As a further result of the said accident, Plaintiff has and will suffer severe loss of his earnings and/or impairment of his earning capacity.

**WHEREFORE**, Plaintiff, Richard Mather, demands judgment in his favor and against Defendants, Costco Wholesale Corporation, John Doe (1-10), Jane Doe (1-10), and XYZ Corporation (1-10), for a sum in excess of Seventy-Five Thousand Dollars ($75,000.00), together with interest and costs of suit.

                                              **COOPER SCHALL & LEVY**

                                        */s/ Charles S. Cooper*
                                        _____
                                        CHARLES S. COOPER, ESQUIRE
                                        Attorney for Plaintiff
                                        2000 Market Street
                                        Suite 1400
                                        Philadelphia, PA 19103
                                        charlescooper@cslattorneys.com
                                        T: (215)561-3313
                                        F: (215)246-0693

Dated: December 21, 2020